[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10235

Non-Argument Calendar

_____

WARD LAWRENCE KENYON,

                                          Plaintiff-Appellant,

*versus*

GARY SILVERMAN,
individually and in his capacity as a facility
health authority,
ROSEMARY JONES,
individually and in her capacity as a nurse,

                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cv-14445-AMC

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Ward Kenyon, proceeding *pro se*, appeals the district court's dismissal of his claims that Dr. Gary Silverman and nurse Rosemary Jones were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment. Kenyon argues that he successfully stated his claims, and the district court erred in concluding that the medical records he attached to his complaint contradicted his allegations. Because the district court correctly dismissed Kenyon's complaint for failing to state a viable claim, we affirm.

**I.**

Before considering Kenyon's deliberate indifference claims, we must first address whether we should dismiss Keyon's appeal because he failed to provide proper record citations in his brief. Appellees Dr. Gary Silverman and Rosemary Jones contend that we should dismiss the appeal because Kenyon failed to properly cite to the record for the majority of his factual assertions in his initial

23-10235                Opinion of the Court                3

brief. They argue that this failure precludes meaningful review of the case.

Rule 28 of the Federal Rules of Appellate Procedure requires appellants to include citations to the record within their statements of relevant facts. Fed. R. App. P. 28(a)(8)(A). Rule 28's "requirements are not to be taken lightly, especially since we are not obligated to cull the record ourselves in search of facts not included in the statements of fact." *Johnson v. City of Fort Lauderdale, Fla.*, 126 F.3d 1372, 1373 (11th Cir. 1997).

In *Johnson*, we noted that both parties had taken great liberties with their statements of facts by omitting unfavorable facts or disguising unfounded inferences from the record as facts. 126 F.3d at 1373 n.1. Although the parties were represented by counsel, we took no action and proceeded to address the case on its merits. *See generally id.*

We hold *pro se* pleadings to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because we proceeded to the merits in more egregious circumstances in *Johnson*, and because we hold *pro se* briefing to different standards than counseled briefing, we decline to dismiss Kenyon's appeal for insufficient citations to the record in his opening brief. We will therefore turn to the merits of Kenyon's appeal.

## II.

Kenyon argues that the district court erred when it dismissed his claims for deliberate indifference to his serious medical

needs. He alleges that while he was a pretrial detainee at Indian River County Jail, Dr. Silverman and Jones ignored his complaints of leg pain and a fever, thereby delaying diagnosis and treatment and causing him to develop an infection and a blood clot. In support of these allegations, Kenyon attached thirty-seven pages of medical records to his complaint. The district court concluded that the medical records contradicted Kenyon's allegations and, consequently, granted Dr. Silverman and Jones's motion to dismiss.

We review a district court's dismissal for failure to state a viable claim *de novo*. *Chua v. Ekonomou*, 1 F.4th 948, 952 (11th Cir. 2021). And we liberally construe *pro se* pleadings and hold them to less stringent standards than pleadings drafted by attorneys. *Erickson*, 551 U.S. at 94. Although a complaint does not need detailed factual allegations to properly state a claim, a plaintiff must provide more than labels, conclusions, and a formulaic recitation of the elements of the claim to avoid dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint fails to state a viable claim when it does not include enough facts, taken as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). When an exhibit contradicts general allegations of a pleading—thereby showing the allegations to be untrue and foreclosing recovery as a matter of law—the exhibit controls. *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245 (11th Cir. 2016).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts supporting a plausible finding that he was deprived of a right secured by the constitution or laws of the United States and that the alleged deprivation was committed under the color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Pretrial deliberate indifference claims are brought under the Due Process Clause of the Fourteenth Amendment but are subject to the same scrutiny as Eighth Amendment deliberate indifference claims. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Eighth Amendment forbids deliberate indifference to the serious medical needs of prisoners. U.S. Const. amend VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Delayed medical treatment can rise to the level of deliberate indifference when: (1) "it is apparent that delay would detrimentally exacerbate the medical problem"; (2) the delay actually seriously exacerbates the problem; and (3) "the delay is medically unjustified." *Taylor v. Adams*, 221 F.3d 1254, 1259–60 (11th Cir. 2000) (quotation marks omitted). But the Eighth Amendment does not require medical care for prisoners to be "perfect, the best obtainable, or even very good." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1272 (11th Cir. 2020) (quotation marks omitted). Negligence in diagnosis or care does not constitute medical mistreatment. *Estelle*, 429 U.S. at 106. Rather, medical treatment violates the Eighth Amendment "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hoffer*, 973 F.3d at 1271 (quotation marks omitted). Whether "additional diagnostic techniques or forms of

treatment is indicated is a classic example of a matter for medical judgment," which "does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107.

The district court did not err in dismissing Kenyon's complaint. Even viewed in the light most favorable to Kenyon, his allegations and attached medical records failed to state a plausible claim of deliberate indifference to his serious medical needs. On the contrary, the medical records detail the routine and prompt medical care Dr. Silverman and Jones provided to Kenyon. Although Kenyon argues that he was not properly monitored from October 17 to 19, 2017, his medical records indicate that Jones cleaned and dressed his wounds twice a day and monitored him for signs of infection by visual observation and by assessing his temperature through touch. When Kenyon developed a temperature on October 19, Jones referred him to the hospital.

The records also indicate that Kenyon first requested to see a doctor about his clavicle on October 19, the day he was referred to the hospital. Even if Kenyon's complaint is correct that he actually complained on October 17 and 18, that brief delay does not rise to the level of deliberate indifference. Kenyon failed to allege facts showing that the two-day delay detrimentally exacerbated the issue, as he was bedbound and already receiving pain relief for his gunshot wounds at the time.

Dr. Silverman's failure to personally evaluate Kenyon upon his arrival at the jail also does not constitute deliberate indifference. Although Dr. Silverman did not personally and immediately

evaluate him, Kenyon received regular care from other medical staff. At most, Kenyon's allegations amounted to negligence, and Dr. Silverman's care was not so grossly inadequate as to give rise to a claim for deliberate indifference. *See Estelle*, 429 U.S. at 106.

Kenyon also alleges that medical staff ignored his complaints about leg pain from November 4 to December 19, 2017, resulting in pulmonary embolism. But the medical records indicate that Dr. Silverman and Jones observed and treated Kenyon multiple times during that period and had complied with each of Kenyon's requests. Jones promptly added Kenyon to the doctor's list each time he requested and counseled him on exercises to minimize his risk of blood clots. Dr. Silverman updated Kenyon's prescriptions when he requested, ordered blood work, and treated him with an anticoagulant. When Dr. Silverman noticed swelling in Kenyon's leg, he immediately ordered an ultrasound. Even if it is true that Kenyon complained about leg pain throughout this period of time, both Dr. Silverman and Jones were actively providing him with preventative treatment for blood clots.

In sum, the medical records Kenyon attached to his complaint do not reflect a delay in treatment at all, much less a delay that would rise to the level of deliberate indifference. *See Taylor*, 221 F.3d at 1259–60. Even in the light most favorable to him, Kenyon received acceptable, regular care during the disputed periods. Accordingly, the district court did not err in dismissing his claims for failing to state a viable claim for deliberate indifference of his serious medical needs.

8                           Opinion of the Court                    23-10235

## III.

**AFFIRMED**.